UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDON STILL,

    Plaintiff,

v.

CYNTHIA DAVIS, et al.,

    Defendants.

Case No. 1:16-cv-640

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an incarcerated individual who proceeds *pro se*, filed suit against five individuals employed at the Southern Ohio Correctional Facility ("SOCF"). On September 20, 2016, all Defendants jointly moved for dismissal of all claims based upon Plaintiff's alleged failure to exhaust his administrative remedies. Defendants' motion should be denied.

    **I.    Background**

Plaintiff's complaint seeks relief for alleged violations of his civil rights under 42 U.S.C. § 1983. He alleges that on August 6, 2015, he was placed in a disciplinary housing unit at SOCF that contained a "puddle" or sewage water due to a "busted sewage pipe." He alleges that during his 8-day confinement, he was "sprayed" and subjected to leaked sewage through a back vent whenever a toilet was flushed in one of two cells above him. He asserts that prison officials failed to comply with prison policy intended to ensure that plumbing is working prior to moving him into the cell, and

thereafter that they ignored his complaints.[1] He alleges that Defendant Davis, Captain Bell, Correctional Officer Keating and C/O Stringer all were informed of the situation, but failed to move him or provide cleaning supplies, despite all but Davis assuring him on different occasions that they would see what could be done. He alleges that Defendant Lt. Eshum affirmatively denied his request to be moved or for cleaning supplies. On August 14, 2015, he was moved out of the referenced cell at the conclusion of his disciplinary stay. By that time, he alleges that the puddle of standing sewage water had spread across a third of the area of the cell. Plaintiff alleges that he suffered headaches and a loss of appetite due to the noxious smell, and remained at "risk of slipping and falling and to possibly contract a disease" due to the unsanitary conditions. (Doc. 3 at ¶34, PageID 40). Plaintiff alleges that the failure of all Defendants to rectify the condition of his cell constitutes deliberate indifference to his health and safety in violation of the Eighth Amendment. Plaintiff seeks both monetary damages and injunctive relief.

In paragraphs 35-37 of his complaint, Plaintiff explicitly alleges that he fully complied with Ohio's 3-step administrative exhaustion process prior to filing his federal lawsuit. Attached to Plaintiff's complaint are copies of his Informal Complaint Resolution ("ICR"), his Notification of Grievance ("NOG") and his final Appeal to the Chief Inspector.

---

[1] In addition to the identified Defendants, he alleges that five "John Doe" correctional officers ignored his requests for cleaning supplies.

2

## II. Analysis

### A. Standard of Review

Defendants' motion to dismiss for failure to exhaust, an affirmative defense, is properly construed under Rule 12(b)(6) as a motion seeking dismissal for failure to state a claim for relief. *See generally Jones v. Bock*, 549 U.S. 199, 215 (2007)(citations omitted). Because the motion to dismiss was filed in lieu of an Answer, no discovery has yet occurred and review is limited to the pleadings.

When considering a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services,* 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB,* 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must

3

be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### B. Exhaustion Under the PLRA

Defendants argue that Plaintiff's complaint should be dismissed based upon an alleged failure to exhaust his administrative remedies. Pursuant to the PLRA, prisoners are required to fully exhaust available institutional remedies prior to filing suit in federal court. *See* 42 U.S.C. § 1997e ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). It has become well-established that "exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. at 204. If a prisoner fails to exhaust available administrative remedies before filing a complaint in federal court, or only partially exhausts them, dismissal of the complaint is appropriate. *Hopkins v. Ohio Dep't of Corr.*, 84 Fed. Appx. 526, 527 (6th Cir. 2003) (citing 42 U.S.C. § 1997e(a)); *see also White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

The Ohio Department of Rehabilitation and Correction ("ODRC") offers a three-step grievance system to every inmate at each of its institutions. Defendants do not dispute Plaintiff's assertion that he satisfied the first step of this 3-step grievance procedure by submitting an informal complaint, commonly known as an Informal Complaint Resolution ("ICR"). Plaintiff attached a copy of his ICR to the complaint filed in this Court. *See generally* OAC § 5120-9-31(K)(1).

In his complaint, Plaintiff also alleges that he satisfied steps 2 and 3 of the

administrative grievance procedure. Inmates dissatisfied with the results of the ICR may proceed to step two by obtaining a Notification of Grievance form from the Inspector of Institutional Services, and filing a formal grievance at the prison where the inmate is confined. § 5120-9-31(K)(2). Formal grievances must be submitted within fourteen days from the date an inmate receives a response to his informal complaint at step one. OAC § 5120-9-31(K)(2). If dissatisfied with the results of step two, the inmate may proceed to step three of the grievance process by requesting an appeal form from the Office of the Inspector of Institutional Services, and submitting an appeal to the Office of the Chief Inspector at ODRC. OAC § 5120-9-31(K)(3). The step three appeal must be filed within fourteen days of the inmate receiving a disposition to his formal complaint. OAC § 5120-9-31(K)(3). Decisions of the Chief Inspector are final – meaning the Ohio Administrative Code provides no further means for appeal. OAC § 5120-9-31(K)(3).

In the pending motion to dismiss, Defendants contend that they are entitled to judgment based upon Plaintiff's untimely submission of his step 2 appeal form. The NOG form attached to Plaintiff's complaint bears a date that exceeds the fourteen day deadline by which an inmate must file a step two appeal of his ICR. The institutional response to Plaintiff's appeal briefly alludes to the delay of his step 2 appeal: "You state that you sent this office a kite asking for a [NOG] Grievance on 8-25-15 and you allege that you were never sent one so you had to ask for the form again and that is why your Grievance is late." (Doc. 3 at 15, PageID 47). However, aside from the referenced statement, the response does not deny the NOG based on timeliness, but instead appears to address the merits of Plaintiff's appeal.

5

In his response in opposition to Defendants' motion, Plaintiff argues vigorously that his claims should not be dismissed for failure to exhaust because the claims were addressed and denied by prison officials on the merits, and not based upon any procedural issue. *See Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010)(holding, in case where the procedural default was "overlooked (or perhaps [forgiven])," that "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." ). Additionally, Plaintiff argues (and offers some additional evidence in support) that prison officials were largely responsible for his failure to submit his NOG at step 2 within the requisite 14-day period, because they failed to provide him with the NOG form in a timely manner despite his prompt request for the grievance form.

Defendants argue in reply that Plaintiff failed to allege in his complaint that his grievance and subsequent step 2 and step 3 appeals were in fact denied on the merits as opposed for procedural reasons.[2] However, Plaintiff does clearly allege that he has fully exhausted his administrative remedies. And he included copies of the grievance and institutional responses to his appeals as attachments to his complaint. The step 2 response of the institution does not suggest to this Court that prison officials denied the grievance based upon any procedural bar. Additionally, the response to the step 3 appeal focuses solely on the merits and does not contain so much as a cursory reference to the alleged untimeliness of Plaintiff's step 2 appeal, further suggesting waiver by prison officials of any procedural defect. *Contrast Vandiver v. Corr. Med.*

---

[2]Defendants do not cite any authority for the proposition that a prisoner plaintiff is required to pre-emptively allege in his complaint (prior to a Defendant raising the affirmative defense of a failure to exhaust) that all denials at the administrative level were on the merits.

*Servs.*, 326 Fed. Appx. 885, 889 (6th Cir. 2009), (upholding the dismissal of the plaintiff-inmate's claims for failure to exhaust administrative remedies where the <u>final</u> administrative denial alternatively concluded both that the grievance was not filed timely and on the merits).  Because Defendants have failed to carry their burden of proving their affirmative defense, their motion to dismiss for failure to exhaust administrative remedies should be DENIED.

### C.  Motion to Dismiss Claim for Preliminary Injunctive Relief

Defendants' motion also seeks to dismiss Plaintiff's claims for preliminary injunctive relief under Rule 65.  The record includes no pending motion by Plaintiff that seeks preliminary injunctive relief under Rule 65.  However, ¶42 of Plaintiff's original complaint does contain a request for "<u>preliminary and</u> permanent injunction ordering all correction officers to wear an identification tag or name plate (including "White Shirts"), for the institution to establish a way to alert all inmates that Administration is in the block and will be walking around, and for the busted sewage pipe to be fixed if it's not already." (Doc. 3 at 9, PageID 41)(emphasis added).  To the extent that this Court should construe the brief reference in the "relief" section of the complaint as a separate motion for preliminary injunctive relief, the undersigned recommends that his request be DENIED, without prejudice to the request for permanent injunctive relief.  Apart from this Court's rejection of Defendants' argument concerning Plaintiff's alleged failure to exhaust, the undersigned agrees that Plaintiff has failed to demonstrate – based solely on the complaint and response to Defendant's motion – his entitlement to preliminary injunctive relief under applicable standards.

**D. New Arguments for Dismissal Presented in Defendants' Reply**

In Defendants' reply memorandum, Defendants present new arguments for dismissal of Plaintiff's complaint for failure to state a claim that were not included in Defendants' original motion to dismiss. Specifically, Defendants assert that exposure to leaking sewage in a prison cell without accompanying physical harm is insufficient to satisfy the objective component of a constitutional claim. Defendants also present new arguments that Plaintiff's claim for monetary damages should be dismissed based upon his failure to adequately allege a physical injury.

The Court declines to consider Defendants' arguments primarily because they are newly presented in a reply memorandum, leaving Plaintiff no opportunity to respond. In addition, while the cases cited by Defendants suggest that exposure to leaking sewage in a prison cell with no accompanying physical harm <u>may</u> be insufficient to prove a constitutional violation, several of the cited cases are easily distinguishable, and the lone published case from the Eighth Circuit was decided on summary judgment. *Compare, e.g., Smith v. Copeland,* 87 F.3d 265 (8th Cir. 1996)(summary judgment affirmed for claim of exposure to overflowing toilet, where plaintiff did not dispute evidence that he was offered but declined an opportunity to flush the toilet and to clean up his cell and exposure time was no more than 4 days); *Cross v. Bradley County Jail*, 2009 WL 2043884 (E.D. Tenn. July 2, 2009)(plaintiffs' allegation that they were forced to sleep in cells with "the lingering odor of waste," but were not forced to sleep in an area containing the waste, distinguishing cases in which poor ventilation led to prolonged exposure to foul odors or unhealthy airborne microorganisms). In his complaint, Plaintiff herein has alleged both headaches and a loss of appetite. In his

8

response in opposition, he asserts that his exposure was prolonged. His complaint also includes allegations drawing a connection between the Defendants and his alleged exposure. *Contrast Cates v. George*, 2016 WL 4446155 (M.D. Tenn. July 19, 2016)(plaintiff failed to allege any injury or defendant's involvement). Other courts have acknowledged that resolution of such cases often turns upon the length of the allegedly cruel condition. *See Dyer v. Harwick*, 2011 WL 4036681 (E.D. Mich. Aug. 1, 2011) (citing *Hutto v. Finney*, 437 U.S. 678, 686-687 (1978)). In short, the newly presented arguments in Defendants' reply may or may not ultimately carry the day, but at this juncture they are both procedurally improper and premature when viewed under Rule 12(b)(6) standards.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

1. Defendants' motion to dismiss (Doc. 6) should be DENIED except as to the denial of any construed motion by Plaintiff for preliminary injunctive relief, and Defendants should be directed to file an Answer to the complaint within fourteen (14) days of the date of this Report and Recommendation;

2. To the extent that the cursory reference in the complaint should be construed as a motion or request for preliminary injunctive relief under Rule 65, it should also be DENIED.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRANDON STILL,

    Plaintiff,

v.

CYNTHIA DAVIS, et al.,

    Defendants.

Case No. 1:16-cv-640

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).